UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALOMON CERVO SINISTERRA,

-vs-  Case No.  8:04-cr-84-T-24TGW
 8:05-cv-1569-T-24TGW

UNITED STATES OF AMERICA.

_____

**ORDER**

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.  (Doc. cv-1, cr-304).

BACKGROUND

Defendant pled guilty to count one of the Indictment pursuant to a written plea agreement that contained a waiver of appeal. (Plea Agreement, Doc. cr-54, p. 11, ¶ 5).

Count one charged Defendant with conspiracy with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of Title 46, Appendix, United States Code, Sections 1903(a)  (g) and (j) and Title 21 United States Code, section 960(b)(1)(B)(ii). (Doc. cr-54). Under the terms of the plea agreement, the remaining count was to be dismissed at sentencing.

On August 26, 2004, the Court sentenced Defendant to 87 months incarceration.[1] Count two was dismissed on the Government's motion. (Doc. cr-148).  Judgment was entered (Doc. cr-152).   Even though Defendant's plea agreement contained a waiver of appeal clause,

---

[1] The sentence reflected a four-level downward departure pursuant to a motion filed by the government under the provisions of 5K1.1 of the United States Sentencing Guidelines and Title 18 U.S.C. 3553(e).

Defendant filed a direct appeal on May 23, 2005. (Doc. cr-292). On June 29, 2005, the United States Court of Appeals for the Eleventh Circuit dismissed the appeal, sua sponte, for lack of jurisdiction because the Notice of Appeal was untimely. (Doc. cr-301).  Defendant signed the present timely filed 28 U.S.C. § 2255 motion to vacate on August 17, 2005, raising two grounds for relief.  A review of the record demonstrates that, for the following reasons, Defendant's motion to vacate must be **DENIED**.

## Ground One

In Ground One, Defendant alleges that the District Court erred in sentencing the Defendant at Level 38.  In support of his allegation, Defendant contends that the sentencing procedure by which the base offense level "is increased to Level 38" without a jury's determination, or consent to judicial fact finding, is now unlawful, as violating the appellant's constitutional rights.

In his memorandum in support of the motion to vacate, Defendant cites Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) and Blakely v. Washington, 542 U.S. 296 (2004).

## Ground Two

Defendant alleges the his sentence violates the Sixth Amendment because the federal sentencing guidelines are unconstitutional.

## DISCUSSION

Although Defendant does not cite United States v. Booker, --- U.S. ----, 125 S.Ct. 738, --- L.Ed.2d ---- (2005), which was consolidated with United States v. FanFan, No. 04-105, Supreme Court, 2005,  Defendant's claims are clearly based on the holding in Booker.  Booker held that the portion of the Federal Sentencing Act (the Act) which called for promulgation of federal sentencing guidelines and made such guidelines mandatory, was incompatible with the

Sixth Amendment. Booker required that the provisions of the Act that made the guidelines mandatory be severed and excised. However, Booker also held that the Guidelines were Constitutional if used as an advisory sentencing tool.

However, because Booker, which encompasses the holdings in Blakely and Apprendi, is not retroactively applicable to cases on collateral review, Defendant's 28 U.S.C. section 2255 challenge to his sentence has no merit. See Varela v. U.S., 400 F.3d 864, 868 (11th Cir. 2005). (The Supreme Court's Booker decision is not retroactively applicable to cases on collateral review.).

Accordingly, the Court orders:

That Defendant Sinisterra's motion to vacate (Doc. cv-1 and cr-304) is denied, with prejudice. The Clerk is directed to enter judgment against Sinisterra in the civil case and to close that case.

ORDERED at Tampa, Florida, on August 31, 2005.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

AUSA: Anthony E. Porcelli
Pro Se: Salomon Cuevo Sinisterra